IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                    Criminal No. 19-340

RAYMOND HAMMOND

## GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Christy Criswell Wiegand, Assistant United States Attorney for said District, and respectfully submits this Sentencing Memorandum to the Court:

## I.     INTRODUCTION

On March 19, 2020, Raymond Hammond entered a plea of guilty to the one-count Indictment in this case, admitting to possession of a firearm and ammunition by a convicted felon. The Court has scheduled sentencing in this matter for August 6, 2020.  In advance of the sentencing hearing, the United States submits this Memorandum, recommending a sentence within the United States Sentencing Commission Guidelines ("Guidelines") range of 37 to 46 months' imprisonment, followed by 3 years of supervised release.  For the reasons set forth below, the United States submits that a term of imprisonment within the Guidelines range is an appropriate and reasonable sentence in this case.

## II.     THE SENTENCING GUIDELINES

The United States Supreme Court has instructed that "district courts *must* begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 569 U.S. 530, 541 (2013) (quoting *Gall v. United States*, 552

U.S. 38, 50 n.6 (2007)).   Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that guideline sentences are reasonable.   *Peugh*, 569 U.S. at 541. When considering a sentence outside of the Guideline range, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (citing *Gall*, 552 U.S. at 50) (emphasis added).   "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

### III.   SECTION 3553 FACTORS

The factors cited under Title 18, United States Code, Section 3553(a) support the United States' recommended sentence in this case.

### (1)   18 U.S.C. § 3553(a)(1) – The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

#### a.   The Nature and Circumstances of the Offense

Mr. Hammond's conduct in this case is quite serious.   On October 16, 2019, Mr. Hammond, who was a convicted felon at the time, had a concealed, loaded firearm on his body after fleeing from police during an attempted traffic stop.   On that date, at approximately 2:34am, Pittsburgh Police officers on routine patrol in the Homewood neighborhood of Pittsburgh saw a black Honda Civic with an expired temporary registration.   After officers activated their lights to make a traffic stop of the Civic, the Civic drove away, and ultimately, the right front seat passenger, Raymond Hammond, fled from the car on foot.

Officers had to chase Hammond on foot, and while doing so, saw Hammond reaching for his waistband, which in the officers' training and experience, was consistent with carrying a concealed weapon.   Mr. Hammond repeatedly disobeyed officers' commands to stop running and

show his hands, and then actively resisted arrest.   Ultimately, Mr. Hammond was able to be arrested.

While searching Raymond Hammond incident to his arrest, Officers recovered a Smith & Wesson firearm, serial number HXA5919 with a loaded magazine and a live round in the chamber, from inside the bottom of Hammond's pants.  The firearm had been reported stolen on September 7, 2019.

### b.       History and Characteristics of the Defendant

Despite his relatively young age of 28 years old, Mr. Hammond has a significant criminal history, including convictions for:   possession with intent to deliver heroin and altering or obliterating a mark of identification on a firearm (PSIR ¶ 31);  possession of crack cocaine – two convictions (PSIR ¶¶ 26, 28);  possession of heroin, tampering with evidence, and possession of drug paraphernalia (PSIR ¶ 29);  disorderly conduct – multiple convictions (PSIR ¶ 27, 30);  and possession of drug paraphernalia (PSIR ¶ 32).

In summary, the defendant's offense conduct and criminal history support a Guidelines range sentence in this case.

### (2)       18 U.S.C. § 3553(a)(2)(A) – The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment for the Offense

Imposition of a sentence within the Guidelines range is necessary in this case to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  Firearms offenses threaten not only that safety of the individuals involved (the defendant, responding police officers, etc.) in the offense, but also the community as a whole.

(3)     **18 U.S.C. § 3553(a)(2)(B) & (C) – The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant**

Imposition of a Guidelines range sentence will address both general and specific deterrence. A sentence within the Guidelines range should deter others from engaging in conduct similar to Mr. Hammond's. As to specific deterrence, Mr. Hammond appears to be undeterred by his prior encounters with law enforcement, including a number of prior convictions. The government respectfully submits that a sentence within the Guidelines range, followed by a 3 year term of supervised release, will ensure that Mr. Hammond spends a significant length of time under the supervision of the federal judicial system and should deter Mr. Hammond from engaging in future criminal conduct.

(4)     **18 U.S.C. § 3553(a)(3), (4) – The Kinds of Sentence and the Sentencing Range Established by the Guidelines**

The Presentence Report and this Court's Tentative Findings accurately state the kinds of sentence that are available and the applicable Guidelines range, and the United States submits that a term of incarceration within the Guidelines range, followed by a 3 year term of supervised release, is the appropriate disposition in this case.

(5)     **18 U.S.C. § 3553(a)(5) – Any Pertinent Policy Statement**

The United States is not aware of any policy statement that would call for a non-Guidelines sentence.

(6)     **18 U.S.C. § 3553(a)(6) – The Need to Avoid Unwarranted Sentence Disparities**

Imposing a sentence within the Guidelines range would fulfill the goal of avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

**(7)     18 U.S.C. § 3553(a)(7) – The Need to Provide Restitution to any Victims of the Offense**

Restitution is not applicable in this case.

## IV.     <u>CONCLUSION</u>

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that this Court impose a term of imprisonment within the Guidelines range of 37-46 months, followed by a 3 year term of supervised release.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


<u>s/ Christy C. Wiegand</u>
CHRISTY CRISWELL WIEGAND
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7452
christy.wiegand@usdoj.gov
MA ID No. 647903